UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

CARLOS GUARISMA, an individual, on
behalf of himself and all others similarly situated,

    Plaintiff,

v.                                    **COMPLAINT - CLASS ACTION**

ADCAHB MEDICAL COVERAGES, INC.,
a Florida corporation,

    Defendant.
_____/

**CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES
AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 *et seq.*,
THE TELEPHONE CONSUMER PROTECTION ACT
JURY DEMAND**

1.     "[T]he right to be let alone -- the most comprehensive of rights and the right most valued by civilized men." Olmstead v. United States, 277 U.S. 438 (1928) (Justice Louis D. Brandeis, *dissenting*). In congruence with this fundamental right to privacy, Plaintiff files this class action complaint alleging violations of 47 U.S.C § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). For over four years preceding this action, Defendant engaged in a campaign of invasively marketing to consumers utilizing a particularly insidious form of advertising known as "robodialing." Over the past four years, the Defendant has placed millions of automated telemarketing calls in violation of the TCPA. By effectuating these calls, Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies unsolicited telephone marketing, but also because consumers frequently have to pay their cell phone service providers for "minutes" of wireless telephone usage. In order to

redress these injuries, Plaintiff, on behalf of himself and the proposed class of similarly situated individuals, brings this suit under the TCPA, which specifically prohibits unsolicited, automated marketing calls to cellular phones. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all telephone marketing in violation of the TCPA, and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's individual claim pursuant to 28 U.S.C. § 1331 as this is a civil actions arising under the Constitution, laws, or treaties of the United States. *See* Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

3. Plaintiff, CARLOS GUARISMA ("Plaintiff" or "Mr. Guarisma"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant ADCAHB MEDICAL COVERAGES, INC. ("Adcahb") is a Florida corporation and "one of Florida's largest providers of insurance."[1] Adcahb boasts that it is "Florida's largest independently contracted general agency for BlueCross / BlueShield", with "over 200 licensed agents serving clients out of 13 satellite locations across South Florida."[2] Adcahb operates from principal offices located at 3000 NW 101 Lane, Coral Springs, FL 33065.

---

[1] Source: http://www.adcahb.com/ (last accessed March 20th, 2013).
[2] Source: http://www.adcahb.com/about-adcahb-medical-coverages.html (last accessed March 20th, 2013).

**ROBODIALING**

5.  In recent years, thrifty businesses have increasingly looked to emerging technologies in pursuit of new ways to solicit customers cheaply.

6.  One such technology is the use of "automatic telephone dialing systems," known commonly as "robodialers."

7.  "Robodialing" is the use of computerized telephone systems to place calls automatically, without manually dialing numbers, and then deliver pre-recorded messages, or connect calls to live agents when the system detects that a live human has picked up.

8.  Robodialing allows telemarketers to place voluminous telephone solicitations at *de minimis* costs, without staffing large boiler rooms with telephone agents. The process is almost entirely automated.

9.  Unlike more conventional advertisements, robodialing, particularly to wireless phones, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers for "minutes" of airtime, or incur usage allocation deductions to their voice plans, regardless of whether or not the call is authorized.

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See Rules

3

and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

11. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.  See FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

### FACTUAL ALLEGATIONS AS TO PLAINTIFF CARLOS GUARISMA

12. On or about the July 14, 2010, Plaintiff received an unsolicited telephone call from number 954-753-8080.

13. Upon answering this telephone call, the Plaintiff was first met with a noticeable delay while the caller's telephone system attempted to connect him with a live agent.

14. Once connected, the caller identified himself as an agent of Adcahb, and attempted to solicit the Plaintiff to purchase new insurance coverage.

15. Following this call, the Defendant continued to place repeated automated calls to the Plaintiff through as late as January 2012.

16. Telephone number 954-753-8080 is associated with Defendant Adcahb.

17. Plaintiff has never patronized Adcahb, nor had any previous contact with said company.

### CLASS ALLEGATIONS

18. This action is brought on behalf of a class consisting of (i) all persons in the United States; (ii) to whom ADCAHB MEDICAL COVERAGES, INC. placed a telephone call; (iii) to said person's cellular telephone; (iv) using an automatic telephone dialing system; (v) during the four year period prior to the filing of the complaint in this action through the date of certification.

19. Defendant placed millions of robodialed telephone calls to a bulk list of telephone numbers, which includes the named Plaintiff and the putative class members (by Defendant or Defendant's agents).

20. These calls were placed using an automatic telephone dialing system, also known as an "auto-dialer," and said auto-dialer had the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

21. All robodialed calls at issue were placed from an Internet service or telephone system at the direction of Defendant or Defendant's agent(s).

22. Upon information and belief, Defendant used an Internet based program to upload a list containing tens of thousands of consumers' telephone numbers whereupon the subscribers to said telephones numbers were later robodialed by Defendant or Defendant's agent(s).

23. Plaintiff alleges on information and belief that based upon the Defendant's use of robodialing, that the class is so numerous that joinder of all members of the class is impractical.

24. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual and/or legal issues common to each class member are as follows:

    (a)    Whether Defendant's conduct is governed by the TCPA?

    (b)    Whether the telephone calls by Defendant violated the TCPA?

    (c)    Whether the class members are entitled to treble damages based upon the willfulness of Defendant's conduct?

   (d) Whether Defendant should be enjoined from engaging in such conduct in the future?

25. Plaintiff's claim is typical of those of the class members. All claims are based on the same facts and legal theories.

26. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this action.

27. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

  a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

  b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole.

29. Plaintiff requests certification of a hybrid class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages and pursuant to Rule 23(b)(2) for injunctive relief.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff incorporates Paragraphs 1 through 29.

31. Defendant made unsolicited marketing telephone calls to potential customers (i.e. members of the class) using an automatic telephone dialing system.

32. The calls were made without the prior express consent of the parties.

33. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant ADCAHB MEDICAL COVERAGES, INC., a Florida corporation, for:

    (a)    An order certifying this case to proceed as a class action;

    (b)    Statutory damages at $500 dollars per call;

    (c)    Willful damages at $1500 dollars per call;

    (d)    An injunction requiring Defendant to cease all communications in violation of the TCPA;

    (e)    Reasonable attorney's fees and costs; and

    (f)    Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted this 21st day of March, 2013.

SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Boulevard
Hallandale, FL 33009
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

By: /s/ Scott D. Owens, Esq.
Scott D. Owens, Esq.
Florida Bar No. 0597651

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106
Hallandale Beach, Florida 33009

7

Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: <u>/s/ Bret L. Lusskin, Esq.</u>
Bret L. Lusskin, Esq.
Florida Bar No. 28069