UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-21016-CIV-MORENO

CARLOS GUARISMA,

    Plaintiff,

v.

**CLASS ACTION**

ADCAHB MEDICAL COVERAGES, INC.,
a Florida corporation, and BLUE CROSS AND
BLUE SHIELD OF FLORIDA, INC., d/b/a
FLORIDA BLUE, a Florida corporation,

    Defendants.

## FINAL ORDER AND JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff, Carlos Guarisma, and Defendant, Blue Cross and Blue Shield of Florida, Inc.'s (collectively the "Parties") Joint Motion and Supporting Memorandum for Approval of Class Action Settlement (the "Motion"). After careful consideration of the Motion and the record, including the Settlement Agreement and Release and its exhibits (the "Settlement Agreement") filed in this Action, it is **ORDERED, ADJUDGED AND DECREED** as follows:

    1.    The Court has personal jurisdiction over the Parties and the Settlement Class Members and has subject matter jurisdiction over this Action including, without limitation, jurisdiction to approve the settlement, to grant final certification of the Settlement Class for settlement purposes, to settle and release all claims as to Florida Blue[1] arising out of the matters

---

[1] "Florida Blue" means Blue Cross and Blue Shield of Florida, Inc. and its affiliates and related parties.

alleged in this Action or the Released Claims, and to dismiss this Action on the merits and with prejudice as to Florida Blue. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).[2]

2. The Court finds and concludes that Class Notice was disseminated to the Settlement Class Members in accordance with the terms set forth in the Settlement Agreement and in compliance with the Court's Preliminary Approval Order (Dkt. 91).

### Final Approval of Settlement

3. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement, memoranda and arguments submitted on behalf of the Parties and the Settlement Class, and supporting declarations. The Court has not received any objections of any kind to this settlement, and is informed that the parties similarly have not received any objections. The Court further held a hearing on June 23, 2015, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the settlement.

4. Based on the papers filed with the Court, the presentations made to the Court by the Parties and other interested persons at the hearing, and the remainder of the record in this Action, the Court now grants final approval to the settlement and finds that the settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of this Action, and the fact that the Settlement Agreement is the result of extensive and hard-fought arms' length negotiations presided over by a neutral mediator, further support this finding.

### Certification of the Settlement Class

---

[2] Capitalized terms not otherwise defined in this Final Order and Judgment Order have the meanings assigned to them in the Settlement Agreement.

5. The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Rules 23(c) and 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons to whom ADCAHB[3] made or initiated, or caused to be made or initiated, a telephone call marketing Florida Blue products or services from March 21, 2009 through March 2, 2015.

6. Pursuant to Federal Rule of Civil Procedure 23 and for settlement purposes only, Carlos Guarisma is appointed as the class representative, and Burke Law Offices, LLC, Scott D. Owens, P.A., and Bret Lusskin, Esq. are appointed as Class Counsel, for the Settlement Class.

7. The Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the class representative are typical of the claims of the Settlement Class; (d) the class representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the Settlement Class Members predominate over the questions affecting only individual members; and (f) certification of the Settlement Class is superior to the other methods for the fair and efficient adjudication of this controversy. The Court further finds that: (a) Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by Settlement Class Members; (c) it is desirable to concentrate the claims at issue in this forum; and (d) it is unlikely that there will be difficulties encountered in administering this settlement. In making these findings, the Court also notes that, because this action is being settled rather than litigated, the Court need not

---

[3] "ADCAHB" means ADCAHB Medical Coverages, Inc. and its affiliates, employees, agents, insurance agents and other persons acting for it or on its behalf.

consider manageability issues that might be presented in this action. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

8. The Court further finds and concludes that the Class Notice given to the Settlement Class, in accordance with the Court's Preliminary Approval Order, fully satisfies Rule 23 of the Federal Rules of Civil Procedure, due process and all other applicable rules or law. The Court finds that it is the best notice practicable under the circumstances, and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated by the settlement and this Final Order and Judgment.

9. The Court further finds and concludes that the notice provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

10. The five persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Order and Judgment. Appendix A is a schedule of all such persons and entities excluded from the Settlement Class.

**Dismissal and Release**

11. The Court dismisses this Action as to Florida Blue on the merits and with prejudice as to Plaintiff and the Settlement Class Members, without costs to any party, except as expressly provided in this Final Order and Judgment.

12. Upon the Effective Date,[4] the Court adjudges that the Release attached as Appendix B to this Final Order and Judgment shall be valid and binding against Plaintiff and all

---

[4] "Effective Date" means the fifth business day after this Final Order and Judgment is no longer subject to review, rehearing, appeal, petition for allowance of appeal, petition for certiorari, or other review of any kind.

Settlement Class Members who have not been recognized as excluded from the Settlement Class in Appendix A of this Final Order and Judgment.

13. The Court further adjudges that the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

14. Plaintiff and all Settlement Class Members, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member(s), or acting in a representative basis or in any other capacity, are hereby permanently barred and enjoined from commencing, prosecuting, intervening in, or participating in any lawsuit, action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and the Court's authority to effectuate the Settlement Agreement, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

15. The Settlement Agreement and any and all negotiations, documents, and discussions associated with the Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Florida Blue, or of the truth of any of the claims asserted by Plaintiff in this Action. Evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Court's Preliminary Approval Order, and/or this Final Order and Judgment.

16. In the event that any provision of the settlement or this Final Order and Judgment is asserted by Florida Blue as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties and Settlement Class Members irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Final Order and Judgment and the Court's authority to effectuate the settlement, and are ordered in aid of Court's jurisdiction and to protect its judgments.

**Other Matters**

17. After due notice, the Court has not been made aware of any objections to the settlement. Any and all objections to the settlement are hereby overruled and denied in all respects.

18. The Court approves payment of attorneys' fees, costs and expenses to Class Counsel's in the amount of $[1,525,463.96]. This amount shall be paid as provided in the Settlement Agreement. No interest will accrue on such amounts at any time.

19. The Court approves an incentive fee payment of $15,000 to Plaintiff Carlos Guarisma. This amount shall be paid as provided in the Settlement Agreement. No interest will accrue on such amounts at any time.

20. The Court finds that the Parties and their counsel have expressed no opinion concerning the tax consequences of this settlement to individual Settlement Class Members and have made no representations, warranties or other assurances regarding such tax consequences. No opinion, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to such tax consequences by virtue of the Settlement Agreement or by effectuating the settlement, and the Parties and their counsel shall not be held liable for any such tax consequences that may occur. In addition, the Parties and their counsel shall have no liability for any acts or omissions of the Claims Administrator.

21. No discovery with regard to the Settlement Agreement or the settlement and its administration shall be permitted by any Settlement Class Members or other persons, other than as may be directed by the Court.

22. The Parties are authorized, without needing further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its exhibits that: (a) are consistent in all material respects with this Final Order and Judgment; and (b) do not limit the rights of the Settlement Class Members.

23. Neither this Final Order and Judgment, nor the Settlement Agreement (nor any other document referred to in either, nor any action taken to negotiate, effectuate and implement the Settlement Agreement) is, may be construed as, or may be used as an admission or concession by or against any Party or any of the Released Parties as to the validity of any claim or any actual or potential fault or liability. Additionally, neither the Settlement Agreement nor

any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any Party or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed and used in any action, arbitration or other proceeding against or by the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

24.     The terms of the Settlement Agreement and this Final Order and Judgment shall be forever binding on the Plaintiff and all other Settlement Class Members, as well as their respective heirs, representatives, executors and administrators, successors and assigns, and those terms shall have res judicata and full preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release set forth in Appendix B to this Final Order and Judgment.

25.     Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of the Settlement and Settlement Agreement approved by this Final Order and Judgment.

26.     Finding that there is no just reason for delay, the Court orders that this Final Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil

Procedure. The Clerk of the Court is directed to enter this Final Order and Judgment on the docket forthwith.

**DONE, ORDERED and ADJUDGED** at the Wilkie D. Ferguson, Jr. and United States Courthouse, Miami, Florida, this 23rd day of June, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record

## APPENDIX A – EXCLUSION LIST

1. Catherine M. Des Ruisseau
2. Kevin Des Ruisseau
3. Family Priority Investments, LLC
4. Jan G. Lucas
5. Derrick David Salter

## APPENDIX B – RELEASE

Upon the Effective Date, Plaintiff and the Settlement Class Members hereby provide the following release:

> The Releasing Parties fully release and forever discharge the Released Parties from all claims, actions, demands, lawsuits, rights, liabilities, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, whether accrued or unaccrued, known or unknown, fixed or contingent, including without limitation claims or damages at law or in equity, or penalties and punitive damages of any kind or description which now exist or heretofore existed, including without limitation those that were or could have been raised in the Action, for violations of the Telephone Consumer Protection Act ("TCPA") and similar federal and state statutory and common law claims arising from telephone calls made by or on behalf of ADCAHB.

Without limiting the foregoing, the release specifically extends to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement, and the release contained herein, becomes effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

"Releasing Parties" means Plaintiff and each and every Settlement Class Member who has not been recognized by the Court as excluded from the Settlement Class, on behalf of themselves and each of their respective heirs, trustees, executors, administrators, representatives, fiduciaries, principals, beneficiaries, assigns, agents, attorneys, partners, successors and predecessors-in-interest and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

"Released Parties" means Florida Blue and its present and former officers, directors, shareholders, employees, insurers, attorneys, predecessors, successors, parent companies, subsidiaries, affiliates and assigns.